UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

Eddie Beckham, Jr., ) C/A No. 6:12-356-JMC-JDA
)
Plaintiff, )
) **REPORT AND RECOMMENDATION**
v. )
)
EP "Bill" Godfrey, Godfrey Law Firm, )
)
Defendant. )
_____ )

Eddie Beckham, Jr. ("Plaintiff"), proceeding *pro se*, brings this civil action seeking damages. It appears that Plaintiff is a pretrial detainee in the Greenville County Detention Center, and he files this action *in forma pauperis* under 28 U.S.C. § 1915. The Complaint is subject to summary dismissal.

## Background

Plaintiff alleges that currently he is incarcerated at the Greenville County Detention Center in Greenville, South Carolina, apparently stemming from 2005 charges.[1] He brings suit against EP "Bill" Godfrey, who allegedly is employed at The Godfrey Law Firm in Greenville, South Carolina. Plaintiff may also be suing The Godfrey Law Firm.[2] Plaintiff's proposed service documents indicate that EP "Bill" Godfrey and The Godfrey Law Firm are located at 10 East Avenue, Greenville, South Carolina, 29601.

Plaintiff alleges that in October of 2005, he paid $10,000 to Godfrey, an attorney, to represent him in a criminal matter. He alleges that his contract with Godfrey consisted of

---

[1] It may be inferred from Plaintiff's allegations that he has been out of jail on a bond during much of the time.

[2] In one part of the Complaint, Plaintiff appears to sue the law firm. In another part of the Complaint, Plaintiff appears to mention the law firm only to describe Godfrey's place of employment.

Godfrey "getting me a bond hearing and defending the case through and completing trial." Plaintiff alleges that he had discussed with Godfrey that he did not want to take a forensic examination or be incarcerated in order to take the examination. However, allegedly in July of 2008, Godfrey agreed with the Solicitor for Plaintiff to be incarcerated in order to take a forensic examination, which caused Plaintiff to be incarcerated for two months. As a result of the two-month incarceration, Plaintiff alleges that he had a financial crisis, lost his home and vehicle, and that his employment was damaged. Plaintiff alleges that upon his being released from the two-month custody, he was brought to court in September of 2008, because Godfrey had filed a motion to be relieved as counsel. Allegedly, a judge granted Godfrey's motion to be relieved, and the judge told Plaintiff to raise his issue about Godfrey returning the paid fee with the Bar Association. Allegedly, Plaintiff requested that Godfrey repay him a portion of the fee, but Godfrey refused. Plaintiff alleges that he did contact the South Carolina Bar Association to complain about Godfrey keeping the $10,000 fee, but he has not received a satisfying reply – only "the run around." Plaintiff alleges that he is without an attorney, and he does not have funds to hire a new attorney.

Plaintiff alleges that one of his legal claims is for loss "of income, home and vehicle" while he was detained for two months, and that $5,000 will satisfy the claim. He further alleges that Godfrey breached the attorney-client contract because he failed to provide all promised services in accordance with the contract, and $10,000 will satisfy the claim. Plaintiff appears to seek a total of $15,000.

Standard of Review

Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2) DSC, the undersigned is authorized to review the Complaint for relief and submit findings and recommendations to the District Court. Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

As a *pro se* litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89 (2007) (*per curiam*). However, even under this less stringent standard, the *pro se* pleading remains subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the Court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the Court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990).

Discussion

Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). *See also Liberty Univ. v. Geithner,* No. 10-2347, 2011 WL 3962915, at *4 (4th Cir. Sept. 8, 2011) (discussing a federal court's independent obligation to examine its subject matter jurisdiction). Because federal courts have limited subject matter jurisdiction, there is no presumption that the Court has jurisdiction. *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999). Accordingly, a federal court is required *sua sponte* to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." *Bulldog Trucking*, 147 F.3d at 352; *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). "[T]he facts providing the court jurisdiction must be affirmatively alleged in the complaint." *Pinkley, Inc.*, 191 F.3d at 399. To this end, Federal Rule of Civil Procedure 8(a)(1) requires that the complaint provide "a short and plain statement of the grounds for the court's jurisdiction[.]" If, however, the Complaint does not contain "an affirmative pleading of a jurisdictional basis[,] a federal court may find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded." *Id.* Although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999). If the Court, viewing the allegations in the light most favorable to Plaintiff, finds insufficient allegations in the pleadings, the Court will lack subject matter jurisdiction. *Id.*

If a plaintiff's complaint raises a federal question, then this Court may have subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1331. Here, Plaintiff alleges neither a violation of his constitutional rights nor a violation of any federal statute. Instead, the Complaint raises a breach of contract claim, and, liberally construed, a possible claim for attorney malpractice, both of which arise under state law. A civil action for a plaintiff's state law claims may be filed in a federal court under the diversity statute, 28 U.S.C. § 1332, if that statute's requirements are satisfied. *See Central West Virginia Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011). With the exception of certain class actions, the diversity statute requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00). *See id.*; 28 U.S.C. § 1332(a). Complete diversity of parties in a case means that the citizenship of every plaintiff must be different from the citizenship of every defendant. *Central West Virginia Energy Co.*, 636 F.3d at 103. However, in this case, Plaintiff's allegations reveal that all possible parties – Plaintiff, EP "Bill" Godfrey, and The Godfrey Law Firm – are domiciled in South Carolina.[3] Hence, complete diversity of parties is absent.[4]

Additionally, Plaintiff failed to allege a sufficient amount in controversy. Generally, the "'sum claimed by the plaintiff controls' the amount in controversy determination." *JTH*

---

[3] This Court recognizes that incarceration in a state does not make one a citizen of that state. *See Bontkowski v. Smith*, 305 F.3d 757, 763 (7th Cir. 2002). When one of the parties is incarcerated, the presumption is that the prisoner's domicile is the location where he was domiciled prior to incarceration. *See Smith v. Bridgestone Firestone Tire Co.*, C/A No. 1:08-3049-MBS-JRM, 2009 WL 425936, at *2 (D.S.C. Feb. 18, 2009), *aff'd*, 328 F. A'ppx 874 (4th Cir. 2009). However, the only address Plaintiff alleged for himself is the detention center in Greenville, South Carolina.

[4] Plaintiff is not without a judicial remedy. He may bring suit against the defendants in a state court.

*Tax, Inc. v. Frashier*, 624 F.3d 635, 638 (4th Cir. 2010) (citation omitted). However, if it is apparent to a legal certainty that a plaintiff cannot recover the jurisdictional amount, the case may be dismissed for want of jurisdiction. *Kress v. Alabama Motor Express*, C/A No. 8:04-22042-RBH, 2005 WL 3298886, at *1 (D.S.C. Dec. 5, 2005) (finding that the unspecified amount in the complaint alleging past pain and suffering, medical and hospital expenses, lost wages, and future suffering, satisfied the amount in controversy). Here, where Plaintiff seeks a total of $15,000 in damages, it appears to a legal certainty that he would not be permitted to recover more than $75,000. Accordingly, the Complaint does not allege an amount in controversy sufficient to satisfy diversity jurisdiction.

<u>Recommendation</u>

It is recommended that the District Court dismiss the Complaint in the above-captioned case *without prejudice*. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972). **Plaintiff's attention is directed to the important notice on the next page.**

<u>s/Jacquelyn D. Austin</u>

Jacquelyn D. Austin
United States Magistrate Judge

February 23, 2012
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).