**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION**

| | | |
|---|---|---|
| Eddie Beckham, Jr., | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No.: 6:12-cv-00356-JMC |
| | ) | |
| EP "Bill" Godfrey, Godfrey Law Firm, | ) | **ORDER AND OPINION** |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") [Dkt. No. 10], filed on February 23, 2012. Plaintiff, proceeding *pro se*, brings this civil action against Defendants Attorney EP "Bill" Godfrey and the Godfrey Law Firm ("Defendants") for loss of income and breach of contract. Specifically, Plaintiff alleges that Defendants, who represented Plaintiff in a criminal case, allegedly made an agreement with the Solicitor for Plaintiff to be incarcerated in order to take a forensic examination against the stated wishes of Plaintiff. Plaintiff alleges his incarceration lasted two months, cost him his home and his vehicle, and negatively impacted his employment. Plaintiff is seeking damages in the amount of $5,000 for loss of income and damages in the amount of $10,000 for breach of the attorney-client contract. The Magistrate Judge recommends that this court summarily dismiss Plaintiff's complaint. The Report sets forth in detail the procedural history, the relevant facts and the legal standards on this matter, which the court incorporates herein without a recitation.

The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. "The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for

the final determination." *Wallace v. Hous. Auth.*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citing *Matthews v. Weber*, 423 U.S. 261, 271 (1976)). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

"In the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note). Furthermore, failure to timely file specific written objections to the Report results in a party's waiver of his right to appeal the judgment of the District Court based on such a recommendation. 28 U.S.C. § 636(b)(1); *Adams v. South Carolina*, 244 F. App'x 534, 535 (4th Cir. 2007); *Wright v. Collins*, 766 F.2d 841, 845-46 (4th Cir. 1985); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

Plaintiff timely filed objections to the Magistrate Judge's Report and Recommendation. [Dkt. No. 12]. Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Magistrate Judge's Report and Recommendation, this court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Plaintiff makes several specific objections. First, Plaintiff claims ignorance of the Local Civil Rules and the Federal Rules of Civil Procedure in an attempt to excuse his failure to allege specific facts that would have properly invoked the court's subject matter or diversity jurisdiction. He further blames his failure to state a proper claim on the lack of a law library at the facility where he was held. As to the Magistrate's Judge's finding that it had no subject matter jurisdiction, Plaintiff objects claiming that he was not aware that he needed to state the particular legal violation alleged and arguing that he thought the court "would clearly see" that his Sixth and Eighth Amendment rights were violated. Objections to the Magistrate Judge's Report and Recommendation [Dkt. No. 12 at 1]. Plaintiff's claim was for breach of contract with his attorney. There was no indication that he sought to allege ineffective assistance of counsel under the Sixth Amendment. There is also nothing indicating that Plaintiff sought relief for any Eighth Amendment violation. Since the Magistrate Judge has recommended dismissal without prejudice, Plaintiff may seek federal review of such claims if properly submitted.

As to the Magistrate Judge's finding that the court had no diversity jurisdiction, Plaintiff objects to the Magistrate Judge's assumption that he was a domiciliary of South Carolina. In his objection, Plaintiff alleges that he was a North Carolina resident prior to incarceration. The Magistrate Judge had no way of knowing this and could only presume the domicile of the parties from what was provided in the complaint. Further, Plaintiff objects to the Magistrate Judge's finding that he failed to allege an amount in controversy sufficient to satisfy diversity jurisdiction. While the face of Plaintiff's complaint seeks an award of only $10,000, he now alleges damages of more than $75,000. Again, the Magistrate Judge was limited by the information available in the complaint. Since the Magistrate Judge has recommended dismissal without prejudice, Plaintiff is not barred from properly submitting his claims for adjudication in

a federal court, if he can demonstrate the diversity requirement and the amount in controversy requirement. Otherwise, the claim is more properly submitted in state court.

Plaintiff further claims that he is only in federal court because he was denied the proper paper work to file a civil suit in state court. This fact does not allow the Federal Court to ignore its jurisdictional requirements. The case is still improperly submitted in federal court, no matter the reason behind the improper submission.

Therefore, after a thorough review of the Magistrate Judge's Report and Recommendation and the record in this case, the court **ACCEPTS** the Report and Recommendation [Dkt. No. 10] and incorporates it herein. It is therefore **ORDERED** that Plaintiff's Complaint [Dkt. No. 1] is **DISMISSED** without prejudice.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

December 21, 2012
Greenville, South Carolina